**FARMERS BANK & TRUST COMPANY, Appellant,**

v.

**Cindy BRAZELL, Appellee.**

**No. 93–CA–000424–MR.**

Court of Appeals of Kentucky.

Feb. 17, 1995.

Discretionary Review Denied by Supreme Court Aug. 16, 1995.

Alan C. Stout, Marion, for appellant.

William S. Greenwell, Marion, B.M. Westberry, Paducah, for appellee.

Before COMBS, DYCHE and HUDDLESTON, JJ.

HUDDLESTON, Judge.

Farmers Bank and Trust Company appeals from a judgment awarding three certificates of deposit to Cindy Brazell. Brazell claims the certificates because they were owned jointly with her mother, Margaret Lin Brazell, who is deceased. Farmers argues that it had a perfected security interest in the certificates of deposit and that Brazell's survivorship rights in the certificates were subject to that interest. Farmers also asserts that Ky.Rev.Stat. (KRS) 411.195 entitles it to recover attorneys' fees incurred as a result of this action to recover the certificates.

The decedent and Brazell owned three certificates of deposit issued by Salem Bank that had a total face value of $30,000.00. All three were in the names of "Margaret Lin Brazell or Cindy Brazell." In March 1987, the decedent pledged the certificates to Farmers as collateral for several loans she and her husband had obtained from the bank. Simultaneously, the bank took possession of the certificates to perfect its security interest according to KRS 355.9–305. Margaret Lin Brazell died in December 1990 with the loans still outstanding.

Brazell sued in Crittenden Circuit Court seeking to have herself declared owner of the certificates of deposit. Brazell claimed that as the surviving party she was the sole owner of the certificates. Farmers responded by declaring the Brazells' loans in default and attempting to liquidate the certificates of deposit to apply them to the indebtedness. The circuit court found that the certificates, at the decedent's death, belonged to the surviving co-owner, Brazell. After incorrectly stating that the certificates of deposit were issued in the joint names of Margaret *and* Cindy Brazell, the court explained that the decedent could not give a greater interest to the bank than she owned herself as a joint tenant with a statutory right of survivorship. The court concluded that at the decedent's death, her estate had no interest in the certificates, ownership having passed to the survivor by operation of law. Because we believe that the law is otherwise, we reverse the judgment and remand this case with directions to enter judgment awarding the certificates of deposit at issue to Farmers.

■ A certificate of deposit is an instrument that is subject to the provisions of the Uniform Commercial Code. KRS 355.3–104(2)(c). Since two people owned these certificates, KRS 355.3–116, the statute describing how two-party instruments may be negotiated, applies. In relevant part, the statute provides:

> An instrument payable to the order of two (2) or more persons
>
> (1) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it . . . .

These certificates of deposit were payable in the alternative because of the inclusion of "or" on their faces. And they were negotiable instruments. KRS 355.3–104(1). Therefore, the party who possessed them could negotiate them. Obviously, the decedent had possession of the certificates. Otherwise, she could not have pledged them to Farmers.

■ At the decedent's death, had the certificates of deposit not been pledged to Farmers, they would have automatically belonged to Brazell. In Kentucky, there is a presumption, that may only be overcome by clear and convincing evidence, of a right of survivorship in joint bank accounts.[1] KRS 391.315(1) sets out those rights:

> Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created.

*See also, Herren v. Cochran,* Ky.App., 697 S.W.2d 149 (1985). However, the certificates were pledged to Farmers. Now, the question turns to what happens to survivorship rights when the funds in a joint account have been dissipated.

■ The decedent's pledge of the certificates of deposit has the same effect as if she had cashed them, then used the money to secure a loan from Farmers. KRS 355.3–116 authorizes both transactions. Therefore, Farmers' right to the certificates of deposit survives the death of the decedent and is superior to Brazell's.[2] In reality, Brazell's interest in the certificates of deposit became attenuated when the decedent pledged them as collateral. Then, her rights were lost altogether when the bank declared the loans in default and elected to liquidate the certificates.

As this is a case of first impression in Kentucky, we have reviewed a Tennessee case that is on point. In *Turner v. Bank of Commerce,* 768 S.W.2d 683 (Tenn.App.1988), the court faced a similar situation. Three certificates of deposit were issued in the names of three individuals: Mrs. G.H. (Wilma) Turner or Angie Milligan or Joe Turner. Joe Turner used the certificates as collateral for personal loans, as did the decedent in the present case. Later, he defaulted and declared bankruptcy. The lending bank then liquidated the certificates.

Wilma Turner and Angie Milligan sued the Bank of Commerce asserting that it had wrongfully used the certificates of deposit to pay off Joe Turner's loans. The lower court found for the plaintiffs and awarded them two-thirds of the value of the certificates. The Court of Appeals reversed, saying:

> There is no contradiction of the fact that [Bank of Commerce] had continuous possession of the certificates of deposit which Joe Turner pledged to secure his loans. Plaintiffs, however, contend that although defendant retained possession of the certificates of deposit, no security interest arose as Joe Turner had no right to pledge the certificates as collateral because the funds used to purchase them belonged solely to Wilma Turner.

> \*    \*    \*    \*    \*    \*

> There is no doubt that Joe Turner had the right to redeem or pledge each certificate of deposit because of the manner in which each was made payable. The evidence shows that it was Joe Turner only who would endorse and renew each certificate of deposit as it became due. Obviously, if Turner could endorse and renew each certificate of deposit, he also has the right to endorse and pledge the certificates as collateral.

*Id.* at 685.

■ Joint accounts payable in the alternative, as were the certificates of deposit at issue in the Tennessee case and those at

---

1. Certificates of deposit are included in the definition of "account." KRS 391.300(1).

2. KRS 355.9–305 provides that a security interest perfected by possession continues so long as possession is retained.

issue here, give the party who has possession or the freedom to negotiate them, even to the detriment of the other party. Since the decedent could demand and receive payment for the certificates of deposit during her life,[3] she could also pledge them as collateral for her loans; and that pledge continues as long as the loans remain unpaid and the pledgee bank retains possession. When the decedent defaulted on her notes, Farmers had a superior right to liquidate the certificates as it would have had to dispose of any other type of collateral.

Farmers also seeks to recover an attorney's fee from Brazell. We find no merit in this claim.

The notes that the decedent and her husband signed contain a provision for the recovery of such fees in the event that the notes are turned over to an attorney for collection. The decedent and her husband are the only persons bound by that clause. *See, Investors Heritage Life Ins. Co. v. Farmers Bank,* Ky.App., 749 S.W.2d 688, 690 (1987). While KRS 411.195 provides for the enforcement of agreements to pay attorney fees contained in an instrument that creates a debt, it applies only to those who are parties to the writing. The statute does not obligate persons, like Brazell, who are not parties to debt instrument.

The judgment insofar as it fails to award an attorney's fee to Farmers is affirmed. The balance of the judgment is reversed and this case is remanded to Crittenden Circuit Court with directions to enter judgment awarding the certificates of deposit at issue to Farmers.

All concur.

---

**3.** KRS 391.330, headed Payment on signature of one party, provides that:

Financial institutions may enter into multiple-party accounts to the same extent that they may enter into single-party accounts. Any multiple-party account may be paid, on request to any one or more of the parties. A financial institution shall not be required to inquire as to the source of funds received for deposit to a multiple-party account, or to inquire as to the proposed application of any sum withdrawn from an account, for purposes of establishing net contributions.

*See also, Pulliam v. Pulliam,* Ky.App., 738 S.W.2d 846, 848 (1987).